IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, et. al.,

    Plaintiffs,

     v.                                           Civ. No. 11-0399 BB/ACT

CELIA ARCHULETA, as Personal
Representative for the Estate of Ableina
Lucero, deceased,

    Defendant.

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Defendant's motion to to dismiss for lack of subject matter jurisdiction, or in the alternative, for the court to abstain [Doc. 8]. Having reviewed the submissions of the parties and the relevant law, and for the reasons below, Defendant's motions are DENIED.

### **Factual and Procedural History**

On November 22, 2004 Defendant Lucero was admitted to a nursing home owned by Plaintiffs (collectively, "the Nursing Home") [Doc. 9 at 5]. Nine days later, on December 1, 2004, Lucero's daughter signed a nursing home admission contract on Lucero's behalf [Doc. 1-1 at 2]. The contract included a clause which compelled all disputes to be submitted to arbitration. Lucero then resided at the Nursing Home for almost five years [Doc. 1-2 at 11]. In 2009 Lucero passed away, allegedly due to the Nursing Home's negligence [*id.*]. Lucero's estate sought relief for wrongful death, negligence, and misrepresentation [Doc. 1-2]. The estate, represented by the

same daughter who signed the admission contract, did not seek arbitration. Instead, the estate sued the Nursing Home, several of its affiliates, and one of its employees in New Mexico state court [*Id.*]. Almost immediately after the state suit was filed, the Nursing Home filed this federal suit to enforce the clause and compel arbitration [Doc. 1]. In response, Lucero moved to dismiss this suit for lack of subject matter jurisdiction, or in the alterative, to abstain [Doc. 8]. The Nursing Home then successfully moved to stay the state suit, pending this Court's resolution of the arbitrability issue. *Lucero v. Fundamental Long Term Holdings, LLC,* No. d-412-cv-2011-137 (N.M. June 17, 2011) (order staying proceedings).

**Discussion**

I. JURISDICTION

Although this suit is brought before the court under the Federal Arbitration Act ("FAA"), it is well established that the FAA does not create an independent basis for federal jurisdiction. 9 U.S.C. § 4; *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1054 (10th Cir. 2006) (citing *Moses H. Cone Mem'l Hosp.,* 460 U.S. 1, 26 n.32 (1983)). A plaintiff must instead show the existence of diversity jurisdiction or federal question jurisdiction. 9 U.S.C. § 4; *Image Software, Inc.*, 459 F.3d at 1054-55. The Nursing Home asserts that diversity jurisdiction exists under 28 U.S.C. § 1332, but Lucero argues that the parties are not completely diverse.

*A. Named Parties*

For the purposes of diversity jurisdiction, corporations are citizens of the state in which they are incorporated, and the state of their principal place of business. 28 U.S.C. § 1332(c)(1). Limited liability companies ("LLC's"), on the other hand, are citizens of every state in which

their members are citizens. Although neither the Supreme Court nor the Tenth Circuit has spoken specifically on the issue of LLC citizenship, the broad consensus among district courts in the Tenth Circuit, and throughout the circuits, is that an LLC is deemed to be a citizen of all of the states of which its members are citizens. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir. 2006) ("every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"); *Zufelt v. Isuzu Motors Am., L.L.C.,* 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009); *Hale v. MasterSoft Int'l Pty. Ltd.,* 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); *United States Advisor, LLC v. Berkshire Prop. Advisors, LLC,* 2009 U.S. Dist. LEXIS 64026, 5-6 (D. Colo. July 10, 2009) (gathering sources from nine circuits).

The four plaintiffs in this case are each LLCs: Fundamental Administrative Services, LLC ("FAS"), THI of New Mexico at Vida Encantada, LLC ("Vida Encantada"), THI of New Mexico, LLC, and Fundamental Clinical Consulting, LLC ("FCC") [Doc. 1 at 1-2].[1] Looking to their memberships, FAS is a citizen of New York and New Jersey, while Vida Encantada, THI of New Mexico, and FCC are each citizens of Delaware and Maryland [*id.*]. In sum, the Plaintiffs are citizens of New York, New Jersey, Maryland, and Delaware.

Defendant Lucero was a citizen of New Mexico prior to her passing [Doc. 8 at 1]. While Lucero's estate is now represented by her daughter, for the purposes of diversity jurisdiction "the

---

[1] FAS's sole member is is Fundamental Long-Term Care Holdings, LLC, whose sole members are two real persons with citizenship in New York and New Jersey [Doc. 1 at 2]. Thus FAS is a citizen of both New York and New Jersey. Vida Encantada's sole member is THI of New Mexico, whose sole member is THI of Baltimore [*id.* at 1]. THI of Baltimore is a Delaware corporation with its principal place of business in Maryland [id]. Thus Vida Encantada and THI of New Mexico are each citizens of both Delaware and Maryland [id]. FCC's sole member is also THI of Baltimore, thus FCC is also a citizen of Delaware and Maryland [*id.*].

3

legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).  Therefore, Lucero's citizenship remains in New Mexico, and complete diversity exists among the named parties.

*B. Absentee Party*

Lucero asserts in a reply brief[2] that the Nursing Home has failed to join an indispensable party under Fed. R. Civ. P. 19.  Under Rule 19, a court must determine whether an absentee party is necessary to the lawsuit, and if he cannot be joined, whether he is also indispensable, such that the suit should not proceed in his absence.  Fed. R. Civ. P. 19; *Davis v. United States*, 192 F.3d 951, 957-59 (10th Cir. 1999).  A party is necessary if (1) the court cannot accord complete relief in his absence, or (2) the party claims an interest in the action, and his absence may impair his ability to protect that interest, or risk inconsistent obligations.  Fed. R. Civ. P. 19.

William Chaltry, a New Mexico citizen, was not joined in this suit, but is adverse to Lucero in her underlying state suit [Doc. 1-2 at 1], an employee of the Nursing Home [Doc. 4 at 1], and therefore likely covered by the terms of the disputed arbitration clause [Doc. 1-1 at 6].  Joining Chaltry as a Plaintiff in this suit would destroy federal jurisdiction because Chaltry is not diverse from Lucero.  Fed. R. Civ. P. 12(b)(7).  However, William Chaltry need not be joined because he is not a necessary and indispensable party.

---

[2] Typically this Court does not address arguments first made in a reply brief, which do not provide an opportunity for response. However, "[t]he issue of indispensability, generally, is not waivable, and is one which courts have an independent duty to raise *sua sponte*. *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) (citing *Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379, 1383 (10th Cir. 1997)).

First, the Court could render complete relief to the parties before it, by ruling on arbitrability only as to those parties. *See Brown v. Pac. Life Ins. Co,* 462 F.3d 384, 394 (5th Cir. 2006). Second, William Chaltry has not claimed an interest in this suit, although he arguably has an interest in the arbitrability of the state claims against him. Third, this interest will not be impaired by his absence, because it will be adequately protected by his employer. *See Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450, 453 (7th Cir. 1977).

Admittedly, under the final 19(a) inquiry, if Chaltry were to seek and obtain a different result in State court, failing to dismiss this case risks incurring inconsistent obligations. Nonetheless, Chaltry is not indispensable because the Court could render an adequate and non-prejudicial judgment by ruling on arbitrability only as to the parties before it. *See, e.g., Brown,* 462 F.3d at 394. Risk of incurring inconsistent arbitration obligations, without more, is insufficient to render a party indispensable under Rule 19. *Snap-On Tools Corp. v. Mason,* 18 F.3d 1261, 1265-67 (5th Cir. 1994); *Brown,* 462 F.3d at 394 ("[t]he threat of piecemeal, inconsistent litigation of claims and issues, the Browns' primary concern, is insufficiently prejudicial to render a party indispensable under Rule 19 given the oft-stated preference for arbitration under the FAA"); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 203 (6th Cir. 2001) ("fear that the federal and state courts will reach conflicting interpretations of the arbitration clauses does not present the degree of prejudice necessary to support a conclusion that [the absentee party] is an indispensable party"); *Bio-Analytical Services, Inc.,* 565 F.2d at 453 (finding that an absentee party is not indispensable where "the only danger is inconsistent judgments on the arbitration issue").

5

William Chaltry is not a necessary and indispensable party, and this suit may proceed in his absence. Because the remaining parties have complete diversity of citizenship, jurisdiction is proper.

II. ABSTENTION

Defendant moves for abstention under the *Colorado River* doctrine. When there is a "parallel" state proceeding, *Colorado River* permits federal courts to abstain for purposes of wise judicial administration.³ *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976); *Allen v. Bd. of Edu., Unified Sch. Dist. 436,* 68 F.3d 401, 403 (10th Cir. 1995). However, only rarely does a parallel state proceeding warrant federal abstention, because the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Abstention "is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Colorado River,* 424 U.S. at 813 (citing *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188-89 (1959)). Thus, when applying *Colorado River*, a district court must "first determine whether the state and federal proceedings are parallel and, if they are, whether extraordinary circumstances warrant

---

³ While there are several federal abstention doctrines, *Colorado River* governs when the parallel case is in state, rather than federal court. *Life-Link v. Lalla*, 902 F.2d 1493, 1494 (10th Cir. 1990). Its application is limited to actions for coercive relief, such as the compelled arbitration sought here. *Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.,* 214 F.3d 562, 564 (5th Cir. 2000) (noting that compelled arbitration is a form of coercive relief, and applying *Colorado River*). The *Colorado River* doctrine is not truly an abstention doctrine, because it is based on considerations of wise judicial administration instead of principles of comity. However, courts consistently refer to the exercise of the doctrine as abstention. *See* Eric C. Surette, *When Are Proceedings Parallel so as to Permit Federal Court Abstention Under* Colorado River, 176 A.L.R. Fed. 517 (2011).

withholding the exercise of federal jurisdiction." *Fox v. Maulding,* 16 F.3d 1079, 1082 (10th Cir. 1994).

*A. Parallel State Proceeding*

As a threshold matter, a court must first determine whether there is a "parallel" state proceeding. *Allen*, 68 F.3d at 403. The state proceeding concurrent to this case, *Lucero v. Fundamental Long Term Holdings, LLC* NM d-412-cv-2011-137, centers on the Nursing Home's allegedly tortious mistreatment of Lucero [Doc. 1-2 ].  Lucero brought the state suit against each of the federal Nursing Home parties, as well as several other nursing home actors (collectively, "State Defendants") [*id.*].  Shortly after Lucero filed her state suit, four of the twelve State Defendants filed this federal suit to compel arbitration of the state tort claims.  Returning to state court, the State Defendants then successfully moved to stay the state proceedings, pending this court's decision of the arbitrability issue.

Suits are parallel if the state-court litigation will be an "adequate vehicle for the complete and prompt resolution of the issue between the parties," such that "the federal court will have nothing further to do in resolving any substantive part of the case." *Fox*, 16 F.3d at 1081-1082 (quoting *Moses H. Cone*, 460 U.S. at 28).  Even if they are not identical, two suits are deemed parallel if "substantially the same parties litigate substantially the same issues." *Fox,* 16 F.3d at 1081 (quoting *New Beckley Mining Corp.*, *v. Int'l Union,* 946 F.2d 1072, 1073 (4th Cir. 1991)).

First, the parties are substantially similar if the federal parties would be bound by the result in the state litigation. *See, e.g., In re Chicago Flood Litig.,* 819 F. Supp. 762, 764 (N.D. Ill. 1993); 32A Am. Jur. 2d *Federal Courts* § 1111.  Here, each federal party is before the state court, and would thus be bound by that litigation. The presence of additional parties in state court does

nothing to alter this. *See Norris v. Miller,* 926 F. Supp. 776, 778 (N.D. Ill. 1996); 32A Am. Jur. 2d *Federal Courts* § 1111.  The reverse, however, is not true, as this Court cannot resolve the issue for the eight State Defendants not before it.

Asymmetry of parties is inconsequential especially where the parties are united by identical legal interests. *See D.L. v. Unified Sch. Dist. No. 497,* 392 F.3d 1223, 1230 (10th Cir. 2004) (holding that the relationship between mother and minor child, and relationship between employee and employer were sufficient to find that parties were identical for purposes of *Younger* abstention);  *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992); *Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc.,* 324 F. Supp. 2d 1202, 1204 (D. Kan. 2004) (finding the absence of a federal party in the state action is immaterial where the parties are corporate affiliates and share identical interests); *Lumen Constr., Inc. v. Brant Constr. Co., Inc.,* 780 F.2d 691, 695 (7th Cir. 1986) (where interests of parties in both suits are congruent, abstention may be appropriate notwithstanding fact that parties are not identical). Here, only a subset of State Defendants joined the federal suit, yet all State Defendants share an identical interest in compelling arbitration.  As they acknowledged in State Court, the State Defendants share identical legal interests because the state complaint  "treats the acts and omissions of all [State] Defendants as unitary tortious acts without differentiation as to any particular [State] Defendant" [Doc. 16-2 at 2].

The issues in the state proceeding appear to be substantially similar as well.  In *Fox v. Maulding*, the Tenth Circuit found that a Court must look to the proceedings as they "actually exist," rather than "what claims and parties could have been included had the federal plaintiff made a timely application to do so." *Fox,* 16 F.3d at 1081.  The Nursing Home submits that

arbitrability is the only issue before the federal court, and it has yet to be raised in state court.[4]
Thus, they conclude that under *Fox,* the proceedings are not substantially similar. However, the dual proceedings in *Fox* were significantly less similar than the ones evaluated here. The *Fox* suits arose from the same factual events, but asserted entirely distinct legal claims. The state claims were for the winding up of a business and foreclosure on property, while the federal claims were for RICO violations, fraud, and intentional infliction of mental anguish. *Fox*, 16 F.3d at 1081. Thus in *Fox,* it was unlikely that the state proceeding would resolve, or even address, the federal issues. *Id.* at 1082.

Here, however, the state claims are intertwined with the federal one. The only issue before this court is the arbitrability of the state claims as to several State Defendants. In looking at both suits as they actually exist, the state proceeding seems certain to determine arbitrability. The Nursing Home requested a stay of the state suit, until such time as they could pursue their litigation strategy armed with a federal ruling on arbitrability. Having obtained their stay, and now having made a federal case of the matter, it seems highly unlikely that the Nursing Home will return to state court only to abandon this defense entirely. The Nursing Home can, and almost certainly will raise arbitration as an affirmative defense in state court. This is unlike *Fox,* where the federal claimants had not raised the same issues in state court. Here, it goes beyond mere theory that arbitrability will soon be determined by the state court. *Cf. Fox,* 16 F.3d at 1081 (suits are not parallel when state claims only "could have been brought in theory"); *See Day v. Union Mines, Inc.*, 862 F.2d 652, 656 (7th Cir. 1988) (in determining if suits are parallel, a court looks "not for formal symmetry between the two actions, but for a substantial likelihood that the

---

[4] Even though the State Defendants have yet to raise arbitration as an affirmative defense in State Court, they have already contended to the State Court that "as to all Defendants, the [State] proceeding involves claims alleged to be subject to arbitration" [Doc. 16-2 at 2].

Case 1:11-cv-00399-LH-ACT   Document 39   Filed 01/12/12   Page 10 of 14

state litigation will dispose of all claims presented in the federal case."); *see also, Moses H. Cone,* 460 U.S. at 28 (finding that suits are parallel if "the state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties."). Based on the foregoing discussion, the state proceeding appears to be parallel to this one.[5] However, this issue need not be conclusively determined at this time, because abstention is inappropriate for want of exceptional circumstances.

B.  *Exceptional Circumstances*

Parallel proceedings alone cannot justify abstention.  *Fox,* 16 F.3d at 1082 *(quoting New Beckly Mining Corp.,* 946 F.2d at 1073). A court must also find that exceptional circumstances outweigh the heavy obligation to exercise jurisdiction.  *Moses H. Cone Mem'l Hosp.*, 460 U.S at 14.  The Tenth Circuit has identified common factors indicating extraordinary circumstances, but these factors are not a "mechanical checklist," and courts may consider more or fewer factors as relevant.  *Moses H. Cone,* 140 U.S. at 16, 15.  The inquiry requires "a careful balancing of the important factors as they apply in a given case," with the factors being "applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 16, 21; *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

---

[5] This case is literally a text-book example of parallel proceedings. *See* 17 James Wm. Moore et al., *Moore's Federal Practice* ¶ 122.06 ("The problem of parallel, duplicative litigation involves what a federal court should do when a federal action essentially duplicates a simultaneous state lawsuit... a common form of duplicative litigation is the reactive lawsuit. Reactive litigation occurs when a state defendant reciprocally files a federal suit concerning the same subject. The state defendant may file a reactive federal suit for several reasons, including perceptions of bias or sympathy, strategic or tactical advantages, or docket congestion.")

Six factors are relevant to this case: (1) the presence of federal-law issues; (2) the desirability of avoiding piecemeal litigation; (3) the order in which state and federal courts obtained jurisdiction; (4) whether the attempt to invoke federal jurisdiction was done in bad faith; (5) the relative convenience of the federal forum; and (6) the adequacy of the state court to protect the parties' rights.[6] *See Life-Link Int'l, Inc. v. Lalla,* 902 F.2d 1493, 1495-1496 (10th Cir. 1990); *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. at 814-19.

*First,* the source of law only rarely supports surrendering jurisdiction, because "[a]lthough in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone,* 460 U.S. at 26 (1983); *Life-Link Int'l, Inc. v. Lalla,* 902 F.2d 1493, 1496 (10th Cir. 1990). Thus the presence of federal-law issues often suggests a case should proceed in federal court, even where state-law issues are also implicated. *See Moses H. Cone,* 460 U.S. at 25-26.

This case presents issues of both federal and state law. The Federal Arbitration Act governs whether a dispute is arbitable, with a heavy presumption of arbitrability, while state contract law governs whether a valid arbitration agreement was created. *Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.,* 489 U.S. 468 (1989); *Zink v. Merrill Lynch Pierce Fenner & Smith*, 13 F.3d 330, 334 (10th Cir. 1993).[7] Because this case requires

---

[6] The parties have identified three additional factors as well. Both parties acknowledge that if the action involves property, an important factor is which court has jurisdiction over the res. However, the parties agree that no res is involved here, and this factor is irrelevant [Docs. 16 at 7; 8 at 10]. The Nursing Home has also identified "the relative progress of the two suits," and "whether there is concurrent jurisdiction" [Doc. 16 at 3]. These issues are related to, respectively, "the order of jurisdiction" and "the adequacy of state court," and will be discussed therein.

[7] Lucero does not dispute that if the arbitration agreement is valid, it falls within the ambit of the FAA.

application of the Federal Arbitration Act's substantive body of law, the case should proceed in federal court irrespective of the state law issues.

*Second*, piecemeal litigation is not a significant factor in cases to compel arbitration. *See Moses H. Cone,* 460 U.S. at 20-21. In *Moses H. Cone,* like here, several federal parties moved to compel arbitration of a state dispute. Because not all parties had agreed to arbitrate, proceeding with the federal case risked an outcome that the arbitration agreement was valid, thus requiring some parties to arbitrate and others to litigate the same issues. The Supreme Court nonetheless found that the Federal Arbitration Act *"requires* piecemeal resolution when necessary to give effect to an arbitration agreement." 460 U.S. at 20 (emphasis in original) (footnote omitted). The Court distinguished *Colorado River*, where the most important reason for abstaining was the clear federal policy, evinced by the applicable legislation, of the *avoidance* of piecemeal adjudication. *Moses,* 460 U.S. at 21 n.22 (citing 424 U.S. at 819).

The principle from *Moses H. Cone* applies here because as a general rule, the FAA tolerates piecemeal litigation when necessary to protect valid arbitration agreements, regardless of the reasons for that piecemeal litigation. *Moses H. Cone,* 460 U.S. at 24-25 ("as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009) (enforcement of arbitration agreement might result in separate adjudication but Federal Arbitration Act requires piecemeal litigation) (abrogated on other grounds); *see also Brown v. Pac. Life Ins. Co,* 462 F.3d 384, 396 (5th Cir. 2006) (finding the conclusions from *Moses H. Cone* are "not altered simply because a state court's arbitrability decision may involve a party to the arbitration agreement" not before the federal court). Moreover, the state proceedings here have been stayed pending this Court's

determination of arbitrability. The stay in state court curtails the risk of piecemeal litigation actually occurring. While some concerns of piecemeal litigation remain, they do little to tip the balance away from this Court's heavy obligation to exercise its jurisdiction.

*Third,* the order of adjudication of the two suits is not measured "exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21-22. Because the state action has been stayed, it will not progress beyond this one. Additionally, the complaint in state court was filed only two months prior to this one [Doc. 1-2]. *See Paine Webber, Inc.*, 276 F.3d at 203.

*Fourth,* concerns over bad-faith filings suggest that federal courts should refrain from cases that were filed for a "vexatious, reactive, or tactical reason." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops.,* 48 F.3d 294, 299 (8th Cir. 1995) (citing *Moses H. Cone,* 460 U.S. at 17). Nothing in this case suggests that the Nursing Home filed suit with such a motive. There is no evidence it is attempting to delay proceedings or bankrupt the defendant. *Cf. Calvert Fire Ins. Co. v. American Mut. Reinsurance Co.,* 600 F.2d 1228, 1234 (7th Cir. 1979) (abstaining when "the federal suit [was] a reactive defensive maneuver by [Plaintiff] to delay the state proceeding and postpone final resolution of its dispute.").

Lucero asserts that the Nursing Home is abandoning its state court case solely because it believes the federal court will be more favorable to arbitration [Doc. 23 at 9]. This does not demonstrate bad faith, as the very purpose of the FAA was to provide a method for overcoming judicial hostility towards arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985) at 221 (citing H. R. Rep. No. 96, 68th Cong., 1st Sess., 1-2 (1924)). Thus Congress intended exactly what the Nursing Home is attempting. The FAA's preference for arbitration "represents federal policy to be vindicated by the federal courts." 460 U.S. at 26 n.32.

13

This is no less true when a district court is called to compel arbitration of state claims. *Dean Witter Reynolds, Inc.,* 470 U.S. at 221.

*Fifth,* the adequacy of the state court to protect the parties' interests supports abstention. Under the FAA, state courts have concurrent jurisdiction to resolve motions to compel arbitration. 9 U.S.C. § 4. There is no reason to doubt the New Mexico state court's ability to properly exercise that jurisdiction.

*Sixth,* convenience of forum weighs in favor of proceeding. Unlike *Colorado River,* where some 1,000 federal defendants were located some 300 miles away from the federal courthouse, 424 U.S. at 820, here, a single individual claims inconvenience because she resides in Las Vegas, about sixty miles from this court in Santa Fe [Doc. 8 at 9-10]. Although no court appearances are yet scheduled, the Santa Fe federal courthouse would be a convenient forum if they were.

After reviewing the relevant factors, only minimal concerns of piecemeal litigation provide reason to abstain. Extraordinary circumstances do not exist that outweigh this Court's obligation to exercise its jurisdiction, and abstention is not proper in this case. *See Moses H. Cone,* 460 U.S. at 17.

## Conclusion

This court has diversity jurisdiction over this matter, and Lucero's motion to dismiss is DENIED. There are no extraordinary circumstances justifying abstention, and Lucero's motion to abstain will be DENIED.

BRUCE D. BLACK  
UNITED STATES DISTRICT JUDGE